[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO STRIKE
The plaintiffs, Alan and Susan Kliminsky, brought this action against the defendant, Nationwide Mutual Fire Insurance Co. (hereinafter "Nationwide") for its alleged failure to compensate the plaintiffs, pursuant to the terms of a fire and homeowners insurance policy, for losses resulting from a fire which destroyed the plaintiffs' home and its contents. The first count of the plaintiffs' three count amended complaint filed on November 30, 1990 alleges a breach of contract. The second count alleges a violation of the Connecticut Unfair Insurance Practices Act (CUIPA), Conn. Gen. Stat. Sec. 38-60 et seq. [now Conn. Gen. Stat. Sec. CT Page 467038a-815 et seq.] The third count alleges a violation of the Connecticut Unfair Practices Act (CUTPA), Conn. Gen. Stat. Sec. 42-110a et seq.
Nationwide moves to strike the second and third counts of the complaint on the ground that the plaintiff alleges only a single act of insurance misconduct, which is insufficient, under the holding in Meads v. Burns, 199 Conn. 651
(1986), to state a cause of action for violations of CUIPA and CUTPA. Nationwide also seeks to strike the related portions of the Demand/Prayer for relief which seek punitive damages, costs, attorneys fees and double and/or treble damages. (See Complaint, p. 3 and separately titled "Prayer for Relief").
The plaintiffs claim, in their memorandum of law in support of their objection to the motion to strike, that "considerable changes have taken place in the law since the Mead holding." The plaintiffs contend that the insurance misconduct upon which their claim is based is not any of the unfair claim settlement practices described in Conn. Gen. Stat. Sec. 38-61 (6), the subject of the Mead holding, but the failure to pay described in Conn. Gen. Stat. Sec. 38-61 (15). Section 38-61 (15) [now section 38a-816 (15)] provides, in part,
 The following are defined as unfair methods of competition and unfair and deceptive acts or practices in the business of insurance:. . . (15) Failure to pay accident and health claims within forty-five days of receipt by an insurer of the claimant's proof of loss form unless the insurance commissioner determines that a legitimate dispute exists as to coverage, liability or damages or that the claimant has fraudulently caused or contributed to the loss.
A motion to strike challenges the legal sufficiency of the allegations of any complaint, or of any one or more counts thereof, to state a claim upon which relief can be granted. Conn. Practice Book Sec. 152(1) (rev'd to 1978, as updated October 1, 1990); see Mingachos v. CBS, Inc.,196 Conn. 91, 108 (1985). A motion to strike admits all facts well pleaded. Ferryman v. Groton, 212 Conn. 138, 142 (1989). In ruling upon a motion to strike, the court may consider only those grounds raised in the motion. Blancato v. Feldspar, 203 Conn. 34, 44 (1987). The court is limited to the facts alleged in the pleading which is the subject of the motion to strike. Gordon v. Bridgeport Housing Authority,208 Conn. 161, 170 (1988). The court must view the facts alleged in the pleading in the light most favorable to the CT Page 4671 pleader. Ferryman, 212 Conn. at 146.
The amended complaint in this case alleges that Nationwide issued to the plaintiffs "a policy of fire and homeowners insurance." (Complaint, First Count, para. 3). The plaintiffs have not alleged that the defendant has failed to pay "accident and health claims," but that the defendant has refused to compensate the plaintiffs for the losses sustained in the fire which destroyed their house and its contents pursuant to the fire and homeowners insurance policy (Complaint, First Count, para. 6). The allegations of the plaintiffs' amended complaint are not sufficient to support a claim for damages pursuant to CUIPA and CUTPA for a violation of Conn. Gen. Stat. Sec. 38-61 (15).
The only provision of section 38-61 which might be applicable to the facts alleged in the plaintiffs' complaint is subsection 6, which describes unfair claim settlement practices. However, the Connecticut Supreme Court in Mead has held that claims of unfair settlement practices under CUIPA require a showing of more than a single act of insurance misconduct. Mead, 199 Conn. at 659-61. The facts alleged by the plaintiffs do not support more than a single act of insurance misconduct. Therefore, the allegations of the plaintiffs' complaint are not sufficient to support a claim for damages pursuant to CUIPA and CUTPA for a violation of Conn. Gen. Stat. Sec. 38-61 (6). See Fried v. Holyoke Mutual Insurance Co., 3 CTLR 141 (January 10, 1991, Thim, J.)
The defendant's motion to strike the second and third counts of the plaintiffs' complaint is granted. The corresponding paragraphs of the demand for relief and separate "Prayer for Relief" seeking punitive damages, costs, attorney's fees and double and/or treble damages also are stricken.
HON. PHILIP DUNN SUPERIOR COURT JUDGE